```
                                              FILED
                                          MISSOULA, MT

                                       2007 OCT 16  PM 4 36

                                        PATRICK E. DUFFY
                                   BY_____
                                          DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| CHAD NEWMAN, | ) | CV 05-36-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MIKE JOHANNS, Secretary of the | ) | |
| Department of Agriculture, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.   Introduction

Plaintiff, Chad Newman, brought suit against the United
States Forest Service, alleging violations of the Rehabilitation
Act, 29 U.S.C. § 706(8)(B) and the Federal Employees'
Compensation Act ("FECA"), 5 U.S.C. § 8191 et seq.   Newman
alleges the Forest Service continued to employ him after he
sustained an on the job back injury for the sole purpose of
negatively affecting his federal workers' compensation claim by
establishing he had "no loss of wage-earning capacity."   United
States Magistrate Judge Jeremiah C. Lynch entered Findings and
Recommendation on September 11, 2007, recommending dismissal of

-1-

Newman's claims.  Specifically, Judge Lynch determined Newman waived his Rehabilitation Act claim by entering into a settlement agreement with the Forest Service.  Alternatively, Judge Lynch determined Newman's Rehabilitation Act claim should be dismissed for failure to timely exhaust his administrative remedies.  Judge Lynch determined Newman's FECA claim was also subject to dismissal for lack of jurisdiction.  Newman timely objected to the Findings and Recommendation on October 9, 2007.  Newman therefore is entitled to de novo review of the record.  28 U.S.C. § 636(b)(1).  Despite Newman's objections, I agree with Judge Lynch's analysis and conclusions.  Because the parties are familiar with the factual and procedural background, it will not be restated here.

## II.  Analysis

Newman first objects to Judge Lynch's determination that the settlement agreement precludes Newman's Rehabilitation Act claim. Newman argues the agreement is not binding because he was coerced into signing it.  Newman, however, admits he discussed the agreement with an attorney who specialized in federal workers compensation law before signing it.  He further admits he understood the consequences of signing the agreement and failing to sign the agreement.  Newman has not presented any additional evidence to demonstrate his waiver was not "voluntary, deliberate, and informed."  Stroman v. West Coast Grocery Co.,

884 F.2d 458, 462 (9th Cir. 1989).

Newman also contends the Forest Service did not fulfill its obligations under the agreement. He notes the agreement required the Forest Service to employ him as a forestry technician until mid-October 2004 and provide him with on the job forklift training. Newman asserts, contrary to these obligations, the Forest Service terminated his employment on September 4, 2004 and he never completed forklift training. Although the Forest Service agreed to employ Newman until mid-October 2004, it also indicated the "length of the appointment [was] dependant on [the] duration of the fire season and related work activities." Newman made the decision to return to school at the end of August 2004 and informed the Forest Service he would only be able to work weekends from that date on. Because it was a mild fire season, the Forest Service did not need Newman to continue working only on the weekends, and thus, his employment was terminated. The record also demonstrates the Forest Service made several attempts to satisfy the settlement agreement's forklift training requirements, but Newman thwarted those efforts. "[O]ne who prevents the performance of the terms of [a] contract cannot avail himself of the non-performance which he himself prevents." Fey v. A.A. Oil Corp., 285 P.2d 578, 588 (Mont. 1955). Because the Forest Service fulfilled its obligation to employ Newman and Newman prevented the Forest Service from providing him with

-3-

forklift training, the Forest Service satisfied its obligations under the settlement agreement and Newman's waiver of rights is effective.

Newman also objects to Judge Lynch's alternative basis for recommending dismissal of his Rehabilitation Act claim. Judge Lynch determined Newman failed to timely exhaust his administrative remedies because he did not initiate contact with an Equal Employment Opportunity ("EEO") counselor within forty-five days of the allegedly discriminatory matter or personnel action. Although Newman concedes he was terminated more than forty-five days before he made initial contact with an EEO counselor, he argues the contact was timely because it occurred within forty-five days of the date he became aware of the Forest Service's discriminatory intent. The regulation's time period, however, begins to run on the date an employee learns of the adverse employment decision, not the date the employee discovers the allegedly discriminatory motive underlying the action. Ledbetter v. Goodyear Tire & Rubber Co., 127 S. Ct. 2162, 2169 (2007). Newman alleges the Forest Service discriminated against him by rehiring him to establish that he had no loss of wage-earning capacity for purposes of his federal workers' compensation claim. Thus, the regulation's time period began to run when Newman was rehired or, at the latest, when he was terminated from that position, not when the rehire affected his

-4-

federal workers' compensation claim or when he discovered the alleged discriminatory motive behind the Forest Service's rehire.

Finally, Newman objects to Judge Lynch's recommendation to dismiss his FECA claim.  Newman contends his case fits into the two narrow exceptions to the jurisdictional bar to bringing FECA claims in district court.  Newman states he is challenging the Forest Service's creation of "busy" work for injured seasonal employees to demonstrate no loss of wage-earning capacity thereby preventing these employees from accessing FECA.  Newman, however, does not cite any constitutional or clear statutory provision that this practice allegedly violates.  Markham v. United States, 434 F.3d 1185, 1187 (9th Cir. 2006).  To the extent Newman's claim rests on a theory of discrimination, it is barred for the reasons discussed above.  To the extent Newman challenges the administrative assessment that he has no loss of wage earning capacity, this Court lacks jurisdiction to consider the claim.

### III.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation are adopted in full.  Defendant's Motion for Summary Judgment (dkt #21) is GRANTED.

The Clerk of Court is directed to close the case.

Dated this ___ day of October, 2007.

_____
Donald W. Molloy, Chief Judge
United States District Court

-5-